UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MILAN HUBACEK,

               Petitioner,

                                                             13-CV-1085C
               -v-                                                         ORDER

ERIC H. HOLDER, Attorney General of the
United States, et al.,

               Respondents.

---

Petitioner, Milan Hubacek, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his continued administrative custody/detention in the custody of the Department of Homeland Security, Immigration and Customs Enforcement (collectively, "DHS") pending removal (Dkt. #1). On January 17, 2014, this court entered an order granting respondents' motion to dismiss the petition as moot upon submission of documentation verifying petitioner's release from administrative detention pending removal pursuant to an Order of Supervision and Addendum, executed on December 30, 2013 (Dkt. #9), and judgment was entered by the Clerk of the Court (Dkt. #10).

Soon thereafter, petitioner filed a number of documents (including a "Motion To Be Recognized As Next Friend Of Petitioner" filed by Ivan Orisek (Dkt. #12)) which, upon review, the court deemed to be a request for reconsideration of the dismissal on the ground of mootness (*see* Text Order, Dkt. #16). Upon consideration of the matters set forth in petitioner's post-judgment filings and the government's response (Dkt. #17), petitioner's request for reconsideration is denied.

Petitioner's habeas challenge was based on the ground that his detention in the custody of DHS pending execution of a final immigration order of removal was unlawful because it had exceeded the "presumptively reasonable" six-month period established in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  The sole relief sought by petitioner was release from DHS custody, which was subsequently obtained by virtue of his release pursuant to the December 30, 2013 Order of Supervision, permitting him to remain at large under specified conditions.

As recently explained by the Second Circuit in a case involving an alien's § 2241 habeas challenge to the duration of his administrative detention, in order to avoid dismissal of the petition on mootness grounds upon release from DHS custody, the petitioner must demonstrate that there exists " 'throughout the litigation … an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.' "  *Leybinsky v. U.S. Immigration and Customs Enforcement*, ___F. App'x___, 2014 WL 503188, at *1 (2d Cir. Feb. 10, 2014) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted)).  Indeed, district courts within the Second Circuit to have considered the issue have found that where, as here, an alien files a habeas petition under 28 U.S.C. § 2241 challenging the lawfulness of his or her custody in detention pending removal, and the alien is subsequently released by DHS pursuant to an order of supervision, the petition is rendered moot because the alien is no longer "in custody" and the petition no longer presents a live "case or controversy" under Article III, § 2 of the U.S. Constitution for purposes of federal subject matter jurisdiction.  *See, e.g., Emeni v. Holder*, 2014 WL 347799, at *3 (W.D.N.Y. Jan. 31, 2014) ("Because [alien released pursuant to order of supervision] no longer suffers, or is threatened with, an actual injury traceable to the

respondent and likely to be redressed by a favorable judicial decision, he cannot meet Article III's case-or-controversy requirement. His petition therefore is moot." (Internal quotation marks and citation omitted)); *Masoud v. Filip*, 2009 WL 223006, at *5 (W.D.N.Y. Jan. 27, 2009) (citing *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) ("The underlying concern is that, when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to [the] prevailing party. In that case, any opinion as to the legality of the challenged action would be advisory.")).

The cases have also recognized that, even where a prisoner's release would otherwise render a petition moot, the inquiry may nonetheless be subject to potentially applicable exceptions to the mootness doctrine. *See, e.g., Farez-Espinoza v. Napolitano*, 2009 WL 1118098, at *5 (S.D.N.Y. Apr. 27, 2009) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006)). Thus, a court should not dismiss a habeas petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Id.* (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

None of these exceptions apply here. The only "collateral injury" identified by petitioner following his release from custody—the possibility of future detention upon violation of the conditions of his supervised release—is a consequence of his final order of removal, not of his past detention in administrative custody. As in *Leybinski*, fear of

future detention cannot be considered sufficient to meet Article III's injury-in-fact requirement for federal subject matter jurisdiction. *Leybinski*, 2014 WL 503188, at *1.

Nor is the petition saved from mootness because the challenged conduct is capable of repetition yet evading review. This exception "applies only in exceptional situations." *City of Los Angeles v. Lyons*, 461 U .S. 95, 109 (1983). "[T]he following two circumstances [must be] simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990) (internal quotation marks and brackets omitted).

Petitioner has not shown a "reasonable expectation" that he will be subjected to the same action—unreasonably long detention—again. As in *Leybinsky*, petitioner is "able—and indeed required by law—to prevent such a possibility from occurring" by complying with the conditions set forth in his order of supervision and addendum. *Leybinski*, 2014 WL 503188, at *1 (quoting *Spencer*, 523 U.S. at 13 (internal quotation marks omitted)). "It cannot be assumed for this purpose that [petitioner] will continue to violate the terms of his release and become subject to renewed detention." *Id.*

The third exception, voluntary cessation, is likewise not applicable here. This doctrine "aims to eliminate the incentive for a defendant to strategically alter its conduct in order to prevent or undo a ruling adverse to its interest." *E.I. Dupont De Nemours & Co. v. Invista B.V.*, 473 F.3d 44, 47 (2d Cir. 2006). Here, there is no indication that DHS

released petitioner from custody with the sole purpose of preventing judicial review of the legality of detention pending execution of the final order of removal.

Finally, this case is not a class action. The fourth mootness exception is therefore irrelevant.

In sum, following his release from DHS custody, petitioner is no longer suffering an "actual injury" as required to maintain federal subject matter jurisdiction under Article III, and the court can no longer effectively grant any relief. The only relief sought and obtainable by virtue of his § 2241 habeas petition was release from DHS custody, and this he has already obtained. Because petitioner no longer suffers, or is threatened with, "an actual injury traceable to the respondent and likely to be redressed by a favorable judicial decision[,]" *Lewis*, 494 U.S. at 477, he cannot meet Article III's case-or-controversy requirement. His petition therefore is moot.

Accordingly, petitioner's request for reconsideration of the court's January 17, 2014 order is denied, and the judgment entered by the Clerk of the Court on January 21, 2014 obtains. The court also denies the "Motion To Be Recognized As Next Friend Of Petitioner" filed by Ivan Orisek (Dkt. #12).

SO ORDERED.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

DATED: March 19, 2014
p:\pending\2013.13-1085.2241.reconsider.mar14.2014